QUINTERO ET AL. *v.* SOSA.

APPEAL from the District Court of San Juan.

No. 777.—Decided April 8, 1912.

NONSUIT—NEGATIVE PREGNANT.—The essential allegations of the complaint are that the plaintiffs are the sole and legitimate owners of a property of which the defendant is unlawfully withholding possession. The defendant in his answer denies that the plaintiffs are the present owners of the property and alleges that said plaintiffs had conveyed to him the ownership thereof by bargain and sale. At the beginning of the trial the plaintiffs abstained from introducing evidence on the ground that the material allegations of the

complaint were admitted in the answer. The defendant made a motion for nonsuit, which was sustained by the court. It was decided on appeal that the defendant had simply admitted that the plaintiffs had formerly been the owners of the property in litigation, but not that they were at present, and that this admission does not in any way favor the plaintiffs because in order that the action of ejectment may be successful it is necessary that plaintiff be the owner at the commencement of the action, which was denied by the defendant.

ID.—POSSESSION BY DEFENDANT—PRESUMPTION.—Also the inference drawn from the complaint and the answer is that the possession of the property in litigation by the defendant is a fact which has been admitted, and according to the provisions of sections 448 and 450 of the Civil Code a person in possession of a property is entitled to have his possession respected. One who is in possession of property as owner has in his favor the legal presumption that he possesses under a just title and cannot be compelled to show his title, therefore as no evidence to the contrary has been presented by the plaintiff in this case and the *onus probandi* being upon him, the presumption is that the defendant is in possession under a just title, and in the circumstances attending this case the judgment of nonsuit is in conformity with the law.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for appellants.

*Mr. Herminio Díaz Navarro* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Pedro and Bernardo Quintero y León brought a suit in the District Court of San Juan against Nicasio Sosa y Reyes for the recovery of a farm, return of the products thereof, and damages.

When the trial was commenced the parties made the stipulation, in which the court acquiesced, that the case be heard only as to the action to recover, and that upon rendering judgment, if said action was sustained, the case should be proceeded with as to the second count relating to damages.

As grounds for the action of ejectment the plaintiffs allege that they are the only legitimate owners of a tract of land measuring 26.55 *cuerdas,* which they describe, each having an undivided half interest therein, the title to which they hold by hereditary rights expressly recognized by defendant, and that the latter is unlawfully possessing the

realty without a just title and disposing of the products of said tract of land which is valued at $2,000.

The defendant in his answer denies the fact that plaintiffs are the owners of the property, and asserts that in 1891 the plaintiffs conveyed to him the full ownership of the land for the sum of 273 *pesos,* which amount was paid them by him and received by them, and that upon the consummation of the sale plaintiffs put him in possession of the realty. The defendant also denies that he has been, or is at present, in the possession of the property without any title, and avers that ever since 1891, by virtue of the aforesaid contract of purchase and sale, he has been and continues to be, in public, peaceful, and uninterrupted possession of the land as the owner thereof, and had recorded such possession in the registry of property after having instituted proceedings to establish ownership of the farm in litigation and of another property, both aggregating 90 *cuerdas,* which proceedings were approved by the Municipal Court of Trujillo Alto in a final decision of November 27, 1895.          .

By way of more ample defense the defendant alleged that the above allegations being true the action of ejectment brought by plaintiffs had prescribed under articles 1961 and 1963, subdivision 2, and articles 1940, 1941, 1950, 1951, 1952, and 1953 of the Spanish Civil Code, in relation to article 1 of the Judicial Order of April 4, 1899, and section 1840 of the Revised Civil Code.

When the hearing had commenced and the arguments of both parties had been heard the plaintiffs informed the court that they had no evidence to introduce, whereupon the defendant made a motion of nonsuit, asking that the case be dismissed on the ground that the plaintiffs had not proven the material allegations of their complaint; which motion was objected to by plaintiffs, who understood that the material allegations of the complaint had been admitted in the answer.

The court sustained the motion, and on September 22, 1911, rendered judgment dismissing the case with costs and

other expenses that should be found to be proper. From this judgment an appeal has been taken to this Supreme Court.

The only question in this appeal requiring our opinion is whether or not the plaintiffs have failed to present sufficient proofs upon which to base a judgment adverse to defendant, and whether or not a judgment of nonsuit properly lies under the provisions of subdivision 5 of section 192 of the Code of Civil Procedure.

No evidence having been introduced at the trial we will endeavor to derive the same from the facts alleged by both parties respectively in the complaint and answer, taking them together and in their relation to each other.

Section 132 of the Code of Civil Procedure reads as follows:

"Every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true; the statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party."

Under the provisions just quoted, the fact that plaintiffs were at one time owners of the property and that the defendant is at present in possession must, for the purpose of the action, be taken as true; but the same cannot be said as to the fact that plaintiffs were the owners of such property at the commencement of the action, which fact has been emphatically denied by the defendant, who asserted that he is now the owner of the property. Nor does it suffice that the defendant should admit that the plaintiffs had formerly been the owners of said property, since, for the success of the action of ejectment, it is necessary that the plaintiffs should be owners of the property at the time the action was filed, and this, as already stated, has been denied by the defendant.

Again, both parties have admitted that defendant is now in possession of the farm in question, and this being the case, under the provisions of section 448 of the Civil Code, he is

entitled to have his possession respected and not to be disturbed therein until he shall have been defeated in a suit at law; and according to section 450 of the same code a possessor who believes himself the owner has in his favor the legal presumption that he possesses under a just title, and he cannot be compelled to show the same. That the defendant does not possess in quality of owner is a fact that has not been admitted by both parties; consequently he has in his favor the legal presumption that he is in possession under a just title.

This presumption is also set forth with even more precision in the Law of Evidence, approved March 9, 1905, section 102, subdivision 11, which among other things provides that anything in possession of a person is deemed to be his property.

As may be seen, the fact that the defendant is in possession of the property gives rise to the presumption that he is the owner, a presumption which can only be destroyed through evidence presented by the other side.

Nor can it be argued that the defendant's denial that plaintiffs are the owners because he acquired from them implies an affirmation to controvert which did not require any proofs on the part of the plaintiffs as to an ownership which the defendant has admitted.

Section 108 of the Law of Evidence, reference to which might be pertinent in this case, reads:

"The party holding the affirmative of the issue must produce the evidence to prove it; therefore the burden of proof lies on the party who would be defeated if no evidence were given on either side; proof of obligation devolves upon the persons claiming their fulfilment, and that of their extinction upon those opposing it."

The closing lines of the section above quoted are a reproduction of section 1182 of the Civil Code.

The main point at issue here is the ownership of the realty described in the complaint. Plaintiffs hold the affirmative,

claiming the present ownership of the property, and this is denied by the defendant. It now devolves upon them to produce the necessary evidence to prove the present ownership alleged by them.

The defendant is in possession of the realty which the plaintiffs seek to recover; as such possessor he has a right to have his possession respected; there exists in his favor the presumption that the property belongs to him, and such presumption will subsist as long as no evidence to the contrary is presented. Such evidence should be produced by plaintiffs and should they fail to do so they will be defeated and not the defendant who, under the law, is presumed to be the successful litigant.

We deny that plaintiffs are exempted from offering proof of ownership because this fact has been admitted by the defendant. Far from this being the case, the defendant has emphatically denied that plaintiffs are at present the owners of the property, and only admits that they had formerly been. The defendant having made such denial, it devolves upon the plaintiffs to prove that they continued to be owners of the property, and that not only the defendant has not acquired the property under a good title, as alleged by him, but that he has availed himself of some illegal means to obtain the possession of the property. Had they done this they would have destroyed the presumption of ownership, *juris tantum,* created in favor of defendant by his actual possession of the property.

For the reasons above given we are of the opinion that this appeal should be dismissed and that the judgment rendered by the District Court of San Juan on September 22 of last year should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.